UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:21-cv-00864

MIKE E. ELLIS and SHELLEY A. ELLIS,

    Plaintiffs,

v.

PROFESSIONAL FINANCE COMPANY, INC.,

    Defendants.

## COMPLAINT

**NOW COME** the Plaintiffs, MIKE E. ELLIS and SHELLY E. ELLIS ("Plaintiffs"), by and through their undersigned counsel complaining of the Defendant, PROFESIONAL FINANCE COMPANY, INC. ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq. and violations of the Colorado Consumer Protection Act.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MIKE E. ELLIS ("Mike") is a natural person, over 18-years-of-age, who at all times relevant resided in Trinidad, Colorado.

5. SHELLY A. ELLIS ("Shelly") is a natural person, over 18-years-of-age, who at all times relevant resided in Trinidad, Colorado.

6. Mike and Shelly (collectively, "Plaintiffs") are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

6. PROFESSIONAL FINANCE COMPANY, INC. ("Defendant") maintains its principal place of business at 5457 West 11th Street, Greeley, Colorado 80634.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

8. On or around March 2020, Mike obtained services from Spanish Peaks Family Clinic ("Spanish Peaks"), incurring an obligation of $841.00 ("subject debt").

9. On August 16, 2020, Defendant mailed a letter to Plaintiffs attempting to collect on the subject debt.

10. In September 2020, Shelly made a payment plan directly with Spanish Peaks to pay $40 per month toward the subject debt.

11. Shelly called Defendant and explained that she had made a payment plan direct with Spanish Peaks for the subject debt.

12. Defendant stated that it had no proof of the payment plan and that Plaintiffs needed to make payments to Defendant on the subject debt.

13. Shelly continued to make payments directly to Spanish Peaks as per her payment plan with them.

14. To date, Plaintiffs have made six payments toward their payment plan.

15. On or about March 7, 2021, Defendant placed the subject debt on Mike's credit report for the full amount of $841.00 owe and due.

16. Furthermore, Defendant stated that the subject debt was in collections.

17. Defendant's credit reporting did not take into account the six payments already made.

18. All six payments were accepted by Spanish Peaks.

19. Concerned that Defendant was attempting to collect on a debt that was already partially paid, and with false information reporting on Mike's credit report, Plaintiffs retained counsel to help resolve this matter.

20. Plaintiffs suffered actual damages as the adverse credit reporting on Mike's credit report causing his credit score to drop.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

   a. **Violations of 15 U.S.C. § 1692e**

23.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

24.     Section 1692e(2) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2).

25.     Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

26.     Defendant violated 15 U.S.C. §§ 1692e and e(2) by reporting a an incorrect amount for the subject debt on Mike's credit report.

27.     Specifically, Plaintiffs have made six payments of $40 toward the payment plan, reducing the balance; yet, Defendant is still reporting the full amount owed. Not only is Defendant attempting to collect the full amount of the subject debt, but it is attempting to collect interest as well.

28.     Defendant violated 15 U.S.C. §§ 1692e and e(8) when it reported the subject debt to the credit bureaus as in collections for the full balance amount when, in fact, Plaintiffs have already made several payments toward the balance with Spanish Peaks.

      b.     **Violations of 15 U.S.C. §1692f**

29. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

30. Pursuant to §1692f(1) of the FDCPA, a debt collector is prohibited from attempting to collect "any amount . . .unless such amount is authorized by the agreement creating the debt." 15 U.S.C. §1692f(1).

31. Defendant violated 15 U.S.C. §§1692f by using unfair or unconscionable means in its attempt to collect the subject debt.

32. Specifically, it was inherently unfair and unconscionable for Defendant to attempt to collect the full amount on the subject debt when Plaintiffs had already made payments toward the subject debt.

33. Additionally, it was inherently unfair and unconscionable that Defendant attempted to collect interest which was not authorized by the agreement that created the subject debt.

**WHEREFORE,** Plaintiffs, MIKE E. ELLIS and SHELLY A. ELLIS, request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiffs their costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II- Violations of the Colorado Consumer Protection Act

34.   Plaintiff incorporates all paragraphs as fully set forth herein.

35.   To prevail on a Colorado Consumer Protection Act ("CCPA") claim, "a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

36.   Defendant violated the CCPA by (1) misapplying and or not properly applying Plaintiffs' payments to date and attempting to collect upon an amount that was not due and owing.

37.   Defendant's conduct as outlined herein was patently unfair and caused Plaintiffs serious injury.

38.   Concerned that Defendant was attempting to collect on a debt that was already partially paid, and with false information reporting on Mike's credit report, Plaintiffs retained counsel to help resolve this matter.

39.   Plaintiffs suffered actual damages as the adverse credit reporting on Mike's credit report causing his credit score to drop.

**WHEREFORE**, Plaintiffs request the following relief:

A. A finding that Defendant conduct violated the CCPA;

B. Entry of judgment in Plaintiffs' favor and against Defnedant for violations of the CCPA;

C. An award of actual damages;

D. An award of punitive damages;

E. An award of Plaintiffs' attorney's fees and costs.

**Plaintiffs demand trial by jury.**

Dated: March 24, 2021                    Respectfully submitted,

**MIKE E. ELLIS and
SHELLY A. ELLIS**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com